## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GERARD A. CRUZ, | Case No. DM0554-14 |
| Plaintiff, | |
| v. | DECISION & ORDER |
| CARMELITA C. CRUZ, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 20, 2019 for hearing on Defendant Carmelita Cruz's ("Carmelita") Motion for Reconsideration. Attorney James Maher appeared on behalf of Plaintiff Gerard Cruz ("Gerard"). Attorney Nicole Cruz appeared on behalf of Carmelita. Having heard the arguments and testimony of the parties and considered the applicable law, the Court now issues its Decision and Order and **DENIES** Carmelita's Motion for Reconsideration.

## BACKGROUND

This action arose from a divorce complaint filed on September 25, 2014. Compl. for Dissolution of Marriage (Sept. 25, 2014). The parties eventually settled their divorce and appeared before the Court on September 14, 2015, announcing the terms of an agreement regarding the distribution of the community assets, community debts and obligations, and spousal support. Thereafter, the parties executed a Stipulated Interlocutory Decree for Divorce,

which was subsequently approved by the Court on November 24, 2015. Stipulated Interlocutory Decree for Divorce ("Interlocutory Decree") (Nov. 24, 2015). The Interlocutory Decree, which memorialized the terms of the settlement reached by the parties, granted a divorce on grounds of adultery. *Id.* A Final Judgment and Decree for Divorce was issued the same day, incorporating the Interlocutory Decree. Final Judgment and Decree for Divorce (Nov. 24, 2015).

The Interlocutory Decree is comprised of three sections: community property, community debts and obligations, and spousal support. Interlocutory Decree at 2-4. Pursuant to the first section of the Interlocutory Decree, the parties agreed to sell the marital home. *Id.* at 3. The parties also agreed that Carmelita would keep, as her separate property, the land she had inherited from her family: *Lot 3245-NEW-REM-1-5*, Chalan Pago. *Id.* at 2.

In accordance with Section II of the Interlocutory Decree, including a "Personal Finance Corporation (PFC) personal loan secured by Lot No. 3245-New-REM-1-5, Municipality of Chalan Pago, Guam in the amount of $1,180 per month" ("PFC Loan"). *Id.*

Following a failure to pay the PFC loan, Carmelita brought a Motion for Order to Show Cause and Contempt, alleging Gerard willfully violated the terms of the Interlocutory Decree, causing Carmelita to lose her property. Defendant's Motion for Order to Show Cause & Contempt (Jan. 29, 2018). The Court issued a Decision and Order on February 11, 2019, denying the motions and finding that Gerard did not willfully violate the terms of the Interlocutory Decree. Decision & Order (Feb. 11, 2019).

Carmelita filed her Motion for Reconsideration, arguing the Court committed clear error in issuing its Decision which was manifestly unjust. Defendant's Motion for Reconsideration ("Motion") at 5 (Feb. 21, 2019). Carmelita further argues that the Court failed to consider the fact that Carmelita lost her property as a result of Gerard's inability to pay the PFC loan. *Id.* Gerard filed an opposition, arguing Carmelita has not met her burden in her motion and essentially attempts to improperly relitigate the issues resolved by the Court. Plaintiff's Opposition to Defendant's Motion to Reconsider ("Opposition") at 5-7 (Apr. 23, 2019).

Carmelita filed a Reply, arguing while the Court found that Gerard did not willfully violate the Interlocutory Decree, the Court failed to provide a remedy to Carmelita. Reply at 2.

The Court held a hearing on September 20, 2019, during which the Court heard testimony. Minute Entry (Sept. 20, 2019). The Court ordered the parties to provide supplemental briefing. *Id.* Carmelita submitted a supplemental brief, putting forth deeds, mortgage documents, and other documents showing the property in questions is Carmelita's sole property. Defendant's Supplemental Breif [sic] in Support of Motion Reconsideration ("Supplemental Brief") (Sept. 24, 2019). Gerard filed a supplemental opposition, arguing there is no basis in law or fact for the Court to reconsider its prior order. Plaintiff's Response to Defendant's Supplemental Brief in Support of Motion for Reconsideration ("Supplemental Opposition") at 6 (Oct. 4, 2019). Carmelita filed a supplemental reply, arguing the Interlocutory Decree has led to gross inequity. Defendant Carmelita Cruz's Reply to Plaintiff Gerard A. Cruz's Supplemental Brief in Support of Motion for Reconsideration ("Supplemental Reply") 2-4 (Oct. 11, 2019). Having heard the testimony and arguments of the parties and reviewed the supplemental briefs, the Court took the matter under advisement. Minute Entry (Sept. 20, 2019).

## DISCUSSION

Preliminarily, the Court has already ruled on the issue of attorney's fees. Carmelita asserts that "the request for attorney's fees in CARMELITA's reply hasn't been addressed." Motion at 6. The Court denied Carmelita's Motion for Contempt in its entirety. Decision & Order at 9. As such, any relief sought pursuant to the Motion for Contempt has been denied and resolved. Carmelita also alleges that the other request money judgment raised in her Reply has not been addressed. Motion at 6. The Court disagrees. As the Motion for Contempt was denied in whole, all relief sought during the pendency of that Motion was denied.

A motion for reconsideration of the decision on any motion may be made only on the grounds of:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

CVR 7.1(i). No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion. *Lujan v. Estate of Rosario*, 2016 Guam 28 ¶ 14.

Motions for reconsideration are appropriate where the trial court: "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or; (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10 (quoting *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion to reconsider allows a court to "reconsider and amend a previous order" but is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Carmelita brings her Motion, arguing that the Court's February 11, 2019 Decision and Order was manifestly unjust because "it failed to consider and address the material fact that CARMELITA lost approximately $88,500.00 while GERARD will benefit the same value of $88,500.00 as a result of GERARD'S failure to meet his obligation to the 2012 PFC Loan." Motion at 5. Carmelita further clarifies the basis of her motion, explaining that she brings the motion pursuant to subsections (2) and (3) of CVR 7.1(i), "in reference to emergence and failure to consider material facts before and after the decision." Reply at 1.

**A.      Carmelita has not demonstrated that the Court committed clear error.**

Carmelita asserts the Court committed clear error in two ways.  First, Carmelita argues the Court distributed her separate property to Gerard.  Second, Carmelita argues the Court has re-written the parties' settlement agreement.  As explained below, both of these arguments fail, and the Court finds that Carmelita has not demonstrated that the Court committed clear error.

**1.      The Court did not distribute Carmelita's separate property.**

Carmelita argues that the Court's prior order distributes her separate property to Gerard but offers no legal explanation for how this is true.  Reply at 2. Carmelita repeatedly argues that her losing the property as a result of the loan default constitutes a distribution of property by the Court.  Over and over again, Carmelita offers this argument but cites no law in support of this assertion.

The Court, in the Interlocutory Decree, did not distribute Carmelita's property to Gerard.  The language clearly indicates that Carmelita is to keep to her separate property, clearly indicating that the Court did not distribute this property to Gerard.  Interlocutory Decree at 2.  The Court does not find that any of the language, either explicitly or implicitly, distributed Carmelita's property to Gerard.

The Interlocutory Decree provides that Gerard shall be responsible for the Personal Finance Corporation (PFC) Personal Loan secured by Carmelita's property in question.  Interlocutory Decree at 3. What Carmelita leaves out of her briefs is that Carmelita agreed to have the loan secured by her property: "The Parties, having reached a full and complete agreement resolving all the issues arising out of the action for the divorce filed herein, and having incorporated all the *agreed upon terms and conditions* into the Stipulated Interlocutory Decree set forth herein below . . . ."  Interlocutory Decree at 1 (emphasis added). Carmelita

cannot rightly agree to such a condition and then claim such a term constitutes a distribution of her property. Carmelita, having been represented by counsel at the time of the agreement, is bound to the terms of her agreement. It is not relevant to this analysis that Carmelita has lost the property in question; while the property may have been lost, it was not due to a distribution by the Court.

As such, the Court finds it did not distribute Carmelita's separate property.

**2.     Carmelita has not sufficiently shown that the Court clearly erred in interpreting Section II(A)(2) of the Interlocutory Decree.**

Carmelita argues that the Court re-writes the parties' settlement agreement when it interpreted Section II(A)(2) of the Interlocutory Decree to read that section as "requiring GERARD to make only minimum payment of $1,180.00." Motion at 7. Throughout the four briefs submitted to the Court, Carmelita does not offer any legal explanation as to how the Court's interpretation constitutes a re-write of the settlement agreement.

Instead, Carmelita asks the Court to enforce the "plain meaning" of the Interlocutory Decree. Reply at 4. Carmelita appears to argue that the Court's interpretation of the plain meaning of Section II(A)(2) is wrong with no explanation as to how it is incorrect. Clear error does not exist when a litigant merely disagrees with the court. *See Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994).

Carmelita explains that "under the plain meaning of the Stipulated Interlocutory Decree, [Carmelita's property] is Defendant's sole and separate property." Reply at 4. This still remains true. The Court's interpretation does not distribute Carmelita's property. Rather, the loss of the property was due to Carmelita's own inaction, as explained in the Court's prior order.

As such, the Court finds Carmelita has not sufficiently shown that the Court clearly erred in interpreting Section II(A)(2) of the Interlocutory Decree.

**B.** **Carmelita has not demonstrated that the Court's February 11, 2019 Decision and Order was manifestly unjust.**

"Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007); *see also Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006) ("'Manifest injustice' thus refers to injustice that is apparent to the point of being almost indisputable.").

Carmelita argues the Court's decision was manifestly unjust because it failed to consider and address the fact that Carmelita has lost her property as a result of the loan default. Motion at 5; Reply at 3; Supplemental Motion at 3. Carmelita further argues that the Court's decision was clear error and was manifestly unjust in that it distributed Carmelita's separate property. Supplemental Motion at 2 & 3. As explained in Sections A and C, the Court does not find that the Court "committed clear error" or that there was a "manifest showing of a failure to consider material facts presented to the Court."

Carmelita argues the manifestly unjust result occurred due to Gerard's "failure to meet his obligation to the 2012 PFC Loan." Motion at 5. The Court disagrees. While Gerard may have failed to meet his initial obligation, the Court found Gerard made attempts and efforts to secure further financing for the loan. Decision & Order at 8. Rather, it was Carmelita's continued refusal, despite ample opportunity, to sign off the necessary documents to obtain further financing which resulted in Carmelita's loss. *Id.* at 8-9.

Carmelita argues that while Gerard's failure to pay the PFC loan may not have been willful, the Court has "not provided specific remedy to Defendant's loss of her separate property." Reply at 2. The Court is under no obligation, nor does it have the authority, to provide a remedy for a party who failed to take action to prevent the loss in question, especially when provided ample opportunity to do so. Carmelita had ample opportunity to sign the re-financing documents and seek clarification from both the PFC loan officer and her counsel but failed to do so.

While the Court sympathizes with Carmelita's loss of property inherited from her family, there is no legal basis to support the contention that the Court's finding that Gerard did not willfully violate the contempt order was manifestly unjust. The Court does not find an injustice that is apparent to the point of being almost indisputable. As stated in the Court's prior order, "Ms. Cruz had the ability to stop the foreclosure on her property, but chose to do nothing." Decision & Order at 9.

As such, the Court finds Carmelita has not demonstrated that the Court's February 11, 2019 Decision and Order was manifestly unjust.

**C.   Carmelita has not demonstrated a manifest showing of a failure to consider material facts presented to the Court.**

Carmelita argues that the Court failed to consider the fact that Carmelita lost her property and that Gerard no longer has a loan obligation to pay for as a result of the default. Motion at 5; Supplemental Motion at 2-3.

The Court fails to see how the Court did not consider these facts, considering the prior contempt motions and hearings revolved almost entirely such facts. The Court engaged in a thorough review of the testimony and analysis of the arguments of the parties. Decision & Order

at 5-9. The Court is aware that the inability to pay the loan resulted in foreclosure of the home. *Id.* at 7. Carmelita submitted conclusory allegations that the Court did not consider the fact that Carmelita has lost her property and that Gerard no longer has a loan obligation to pay for but has not provided any factual or legal analysis to support such a proposition.

As such, the Court finds Carmelita has not demonstrated a manifest showing of a failure to consider material facts presented to the Court.

**D.     Carmelita has not offered any new facts that were not available prior to the Court's Decision and Order.**

A motion to reconsider can be based upon "the emergence of new material facts or a change of law occurring after the time of such decision." CVR 7.1(i)(2). Carmelita explains that she brings her Motion, in part, pursuant to this portion of the rule. Reply at 1. However, after reviewing the testimony from the September 20, 2019 hearing, Carmelita failed to offer any new facts that were not already testified to at prior hearings. *See* Court Recording (Sept. 20, 2019). Further, Carmelita failed to explain how any of the facts testified to at the hearing emerged after the Court's February 11, 2019 Decision and Order. Absent testimony and evidence of new facts that did not emerge until after a court order, there is no basis for a motion to reconsider on this ground.

**E.     Carmelita's arguments raised in Section III of the Supplemental Reply are irrelevant to the Motion for Reconsideration.**

Carmelita asserts that the Interlocutory Decree has led to gross inequity to Carmelita. Supplemental Reply at 2. Carmelita then makes many allegations, pointing to instances where the Interlocutory Decree has allegedly not been followed, causing hardship to Carmelita. *Id.* at

2-4. Carmelita then asks the Court to "find that the circumstances have resulted in gross inequity against Defendant CARMELITA." *Id.* at 4.

The Court sees no relevance to this gross inequities argument. Carmelita points to nothing in statute or case law which suggests a finding of gross inequity is a basis for a motion to reconsider. Further, the Court refuses to make a finding of "gross inequity," considering this argument is raised for the first time in Carmelita's Reply. Carmelita had ample opportunity to show its significance in her initial Motion, her initial Reply, the hearings on this matter, and her Supplemental Motion. Carmelita has failed to make such a showing.

As such, the Court finds Carmelita's arguments raised in Section III of the Supplemental Reply are irrelevant to the present Motion for Reconsideration.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Carmelita's Motion for Reconsideration.

**IT IS SO ORDERED** on this 18th day of December, 2019.



_____

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

MAHER
ARRIOLA

Date: 12/18/19 /2:m

Deputy Clerk, Superior Court of Guam